# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

WILLIS JOHNSON, on behalf of himself )
and all others similarly situated, )
                            )
             Plaintiffs, )
                            )
vs. )    Case No. _____
                            )
CAVALRY PORTFOLIO SERVICES, )
LLC, WETSCH ABBOTT OSBORN )    **JURY TRIAL DEMANDED**
VAN VLIET PLC, )
                            )
             Defendants. )

## CLASS ACTION COMPLAINT

Comes Now Plaintiff WILLIS JOHNSON (hereinafter, "Plaintiff"), a Missouri resident, and brings this class action complaint by and through his undersigned attorneys, against Defendants CAVALRY PORTFOLIO SERVICES, LLC and WETSCH ABBOTT OSBORN VAN VLIET PLC (hereinafter "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, stating and alleging as follows:.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of Missouri consumers seeking redress for Defendants' actions of using unfair and unconscionable means to collect a

1

debt.

4. Defendants' actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff seeks damages, and declaratory and injunctive relief for himself and a class of similarly situated Missouri consumers.

**PARTIES**

6. Plaintiff is a natural person residing in Camdenton, Camden County, Missouri, and is a "consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant, Wetsch Abbott Osborn Van Vliet PLC ("Wetsch") is a collection agency with offices in Cedar Rapids, Iowa.

8. Upon information and belief, Wetsch is a company that uses the mail, telephone, and facsimile, and which regularly engages in business with the principal purpose to attempt to collect debts alleged to be due to individuals and/or entities other than Wetsch itself.

9. Wetsch is a "debt collector," as defined by the FDCPA at 15 U.S.C. § 1692a(6).

10. Defendant, Cavalry Portfolio Services, LLC ("Cavalry") is a collection agency with an office in Valhalla, New York.

11. Upon information and belief, Calvary is a company that uses the mail, telephone, and facsimile, and which regularly engages in business with the principal purpose to attempt to collect debts alleged to be due to individuals and/or entities other than Cavalry.

12. Cavalry is a "debt collector," as defined by the FDCPA at 15 U.S.C. § 1692a(6).

13. Upon information and belief, Cavalry is a purchaser of performing and non-performing consumer credit debts, which are in default at the time the debts are acquired.

14. In connection with its debt servicing operations, Cavalry routinely hires other debt collectors, such as and including Wetsch, to send dunning letters to consumers in an effort to collect money on defaulted consumer debts.

15. Upon information and belief, at all relevant times, Wetsch acted as an agent of Cavalry with respect to Plaintiff and the proposed Plaintiff class in attempting to collect debts for and on behalf of Cavalry.

## CLASS ALLEGATIONS

16. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following proposed Plaintiffs' Class:

- All individuals in the state of Missouri who were sent collection letters and/or notices from Wetsch, from and after one year prior to the date this action is filed, in an attempt to collect a consumer debt owed to Cavalry that failed to adequately identify the creditor to whom the alleged debt was currently owed.

17. Excluded from the proposed Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

18. The identities of all proposed class members are readily ascertainable from the records of Defendants.

19. Upon information and belief, the proposed Plaintiffs' Class consists of members so numerous that joinder is impracticable.

20. There are questions of law and fact common to the proposed Plaintiff Class,

3

which predominate over any issues involving only individual class members.  The principal issue is whether the Defendants' written communications to consumers, an example of which is attached hereto as Exhibit A and incorporated herein by reference, violate 15 U.S.C. §§ 1692g.

21.     The Plaintiff's claims are typical to those of the proposed class members, as all are based upon the same facts and legal theories.  Plaintiff and all members of the proposed Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct, that being Defendants' failure to disclose the alleged current creditor on debt collection letters.

22.     Plaintiff will fairly and adequately protect the interests of the proposed Plaintiff Class.  Plaintiff has no claims that are antagonistic to those of the proposed class.  Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor his attorneys have any interests that might cause them not to vigorously pursue this action.

23.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  No unusual difficulties are anticipated in the management of this case as a class action.

24.     The expense and burden of litigation would substantially impair the ability of the proposed class members to pursue individual cases to protect their rights given the relatively small amount of each individual claim.

25.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## ALLEGATIONS OF FACT

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

27. At some time prior to March 13, 2017, Plaintiff allegedly incurred an obligation to Synchrony Bank – Discount Tire ("Synchrony").

28. Plaintiff's alleged obligation to Synchrony arose out of a transaction in which money, property, insurance or services, which were the subject of the transaction, were primarily for personal, family or household purposes.

29. Plaintiff's alleged obligation to Synchrony is a "debt" as defined by 15 U.S.C.§ 1692a(5).

30. Synchrony is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

31. At some point prior to March 13, 2017, the alleged debt Plaintiff owed to Synchrony was sold, consigned, or otherwise transferred to Cavalry for collections.

32. Cavalry, either directly or through an intermediary, contracted Wetsch to collect the alleged debt.

33. Wetsch collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

34. On or about March 13, 2017, Wetsch caused to be delivered to Plaintiff a collection letter in an attempt to collect the alleged debt initially owed to Synchrony. It is attached at Exhibit A.

35. The letter was sent or caused to be sent by persons employed by Defendant

5

Wetsch, acting within the scope and course of their employment duties.

36. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

37. The March 13, 2017 letter stated in part:

"RE:  CAVALRY SPV I, LLC
      Regarding Synchrony Bank Discount Tire"

38. The March 13, 2017 letter did not contain sufficient communicate to Plaintiff the identity of the current creditor for the debt that was allegedly initially owed to Synchrony.

39. Upon reading the March 13, 2017 letter, Plaintiff was unsure as to the identity of the current creditor for the alleged debt initially owed to Synchrony.

40. The March 13, 2017 letter failed to clearly and unambiguously identify the current creditor seeking payment from Plaintiff associated with the alleged debt initially owed to Synchrony.

41. Upon information and belief, all collection letters sent by Wetsch to the members of the proposed Plaintiff Class are similar to the March 13, 2017 letter in that they too fail to clearly and unambiguously identify the current creditor by, including but not limited to, the inclusion of a confusing "RE" line and the omission of language effectively communicating the identity of the current creditor.

42. Pursuant to 15 U.S.C. §1692g, a debt collector is required in its initial communication with a consumer to identify the name of the current creditor to whom the alleged debt at issue is owed.

43. To meet the burden of 15 U.S.C. §1692g, among other requirements, a debt collector must clearly identify the current creditor *as the creditor*, not just merely recite the name of the creditor without further explanation in the communication to the consumer.

44. In order to comply with the requirements of section 1692g, more is required than

6

the mere inclusion of the statutory debt validation notice in the debt collection letter; the required notice must also be conveyed effectively to the debtor. *See e.g., Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir .1991). Moreover, the validation notice required by the Act "is to be interpreted from the perspective of the 'least sophisticated debtor.' " *Graziano,* 950 F.2d at 111.

45. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

46. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

47. As a result of the Defendants' violations of the FDCPA, Plaintiff was damaged in that he was deprived of information to which he was statutorily entitled, and in that he was subjected to deceptive, misleading and abusive collection practices.

48. Defendants' actions as described herein are part of a pattern and practice used to collect consumer debts.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. Defendants' debt collection efforts attempted and/or directed towards Plaintiff and the proposed Plaintiff Class violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

51. Pursuant to 15 USC §1692g:

    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

…

    (2) The name of the creditor to whom the debt is owed…

52. Defendants violated 1692g(a)(2) by failing to clearly identify the current creditor as the current creditor to whom the debt was owed in its collection letters sent during the applicable time period associated with this matter.

53. By reason thereof, Defendants are liable to Plaintiff for actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff prays for Judgment in his favor and in favor of the proposed Plaintiff Class against Defendants as follows:

    (a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Plaintiff's counsel as Class Counsel;

    (b) Awarding Plaintiff and the Class statutory damages;

    (c) Awarding Plaintiff and the Class actual damages;

    (d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (e) Awarding pre-judgment interest and post-judgment interest; and

    (f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

      /s/  Matthew A. Clement
Matthew A. Clement      #43833
Timothy W. Van Ronzelen   #44382
Kari A. Schulte            #57739
Cook, Vetter, Doerhoff & Landwehr, P.C.
231 Madison Street
Jefferson City, MO  65101
573-635-7977
573-635-7414 (fax)
mclement@cvdl.net
tvanronzelen@cvdl.net
kschulte@cvdl.net

9